# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

MAURICE WHITE, JR.,

    Plaintiff,

v.

DANIEL MARTIN and KEVIN L. WARD, individually, while acting under color of law on behalf of the STATE OF OKLAHOMA,

    Defendants.

Case No. 09-CIV-287-RAW

## ORDER

    A hearing was held in this matter on May 20, 2010 regarding pending motions. The court indicated it would be conducting an *in camera* review of certain documents in dispute regarding Plaintiff's Second Motion to Compel and Supplement [Docket Nos. 79 and 81]. Defendants object to producing certain documents, such as personnel files, medical records and a polygraph test (not involving the incident at issue or any similar incident). Defendants assert a number of objections to production including relevancy, attorney work product, and personal privacy objections by Defendant Martin. The court has now made that review. This order memorializes the court's decision.

    The court orders that the documents be produced to Plaintiff, less and except the following documents:

| | |
|---|---|
| Doc. 86-87 | Oklahoma Highway Patrol Biographical Outline - These documents contain private family information and are not relevant. Some of the information contained in these documents, however, are available in other produced documents. |
| Doc. 119-149 | Medical information - These documents are not relevant and many are duplicative of other produced documents. Producing the documents would unduly invade the privacy of the Defendant Martin. |
| Doc. 151, 171-172, 197-199, 238-248 | Confidential Polygraph information - These documents are not relevant. Producing the documents would unduly invade the privacy of the Defendant Martin. |

The above-listed documents are not sufficiently relevant to outweigh the privacy concerns, and shall, therefore, not be produced. The court finds the documents to not be relevant, nor reasonably calculated to lead to the discovery of admissible evidence.

The court further reviewed an unnumbered document entitled "Memorandum" dated June 1, 2009 from the Oklahoma Department of Public Safety, consisting of twenty pages. This document shall be produced in its entirety to the Plaintiff. Except for the title of the first page (which labels the document "Attorney Work Product" and is from an assistant attorney general), the record contains no evidence contradicting the appearance that the documents were created simply as part of a standard internal investigation into alleged trooper misconduct. Defendants have not met their burden of proof to justify the withholding of the document from production based on attorney work product privilege.

Plaintiff's Second Motion to Compel and Supplement [Docket Nos. 79 and 81] are granted in part and denied in part.  The above-referenced documents shall be produced no later than the close of business on **Wednesday, June 2, 2010**.  All documents produced pursuant to this order shall be subject to the conditions of the Protective Order entered in this case on May 25, 2010 [Document No. 98].

**Dated this 28th Day of May 2010.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

j4h4i0